22-2791
Edmundo Caltenco v. G.H. Food Inc., DBA Natural Garden, Gurdip Singh

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE
> BARRINGTON D. PARKER
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Edmundo Caltenco,

        *Plaintiff-Appellee,*

        v.                        No. 22-2791

G.H. Food Inc., DBA Natural Garden, Gurdip Singh,

        *Defendants-Appellants.*

**FOR DEFENDANTS-APPELLANTS:**       Joseph M. Labuda, Milman Labuda Law Group PLLC, Lake Success, NY.

**FOR PLAINTIFF-APPELLEE:**       Michael J. Borrelli, Alexander T. Coleman, Ishan Dave, Borrelli & Associates, P.L.L.C., Garden City, NY.

---

Appeal from a September 28, 2022 order and September 29, 2022 judgment (collectively, the "2022 Judgment") of the United States District Court for the Eastern District of New York (Scanlon, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the 2022 Judgment of the district court is **AFFIRMED**.

This case concerns an award of attorneys' fees to a successful plaintiff in an employment law case. The plaintiff, Edmundo Caltenco, brought suit against his former employer G.H. Food Inc. ("G.H. Food") and its owner Gurdip Singh (collectively, "Appellants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New York Labor Law ("N.Y. Lab. L.") to recover unpaid wages to which he was legally entitled. After a three-day bench trial and proceedings on the prior appeal, the district court awarded Caltenco $7,682.20 plus interest in damages.

In a September 30, 2021 order and judgment (the "2021 Judgment"), the district court awarded Caltenco $113,225.88 in attorneys' fees and $10,869.34 in costs pursuant to the FLSA's and N.Y. Lab. L.'s fee-shifting provisions, 29 U.S.C. § 216(b); N.Y. Lab. L. §§ 198(1-a), (1-d). On Friday, October 29, 2021, G.H. Food and Singh filed a motion to reconsider the award of attorneys' fees, and the district court denied that motion in the 2022 Judgment. G.H. Food and Singh now appeal from the 2022 Judgment and seek as well to challenge the 2021 Judgment.

2

## STANDARD OF REVIEW

We review the denial of a motion for reconsideration for abuse of discretion. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

## DISCUSSION

### A. Jurisdiction over the 2021 Order

As an initial matter, we recognize that we have jurisdiction over only the 2022 Judgment denying the motion for reconsideration, and not the 2021 Judgment awarding Caltenco attorneys' fees. The Federal Rules of Appellate Procedure generally provide that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Under this provision, Appellants' notice of appeal was, on its face, timely only as to the 2022 Judgment denying the motion for reconsideration and not the 2021 Judgment awarding attorneys' fees.

Appellants contend that if this Court were to view their motion for reconsideration of the 2021 Order as one made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Rule 4 of the Federal Rules of Appellate Procedure would toll the deadline to file their notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi). However, that provision of Rule 4, as effective at the time of G.H. Food's proceedings in the district court, further established that a Rule 60(b) motion tolls the deadline to appeal only "if the motion is filed no later than 28 days after the judgment is entered." *Id*. Appellants did not file their motion for reconsideration with the district court within the 28-day period, and thus cannot avail themselves of the Rule 4 tolling provision. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 n.5 (2d Cir. 2008) ("A Rule 60(b) motion filed within [28] days of the order or judgment at issue, is to be contrasted with a motion filed thereafter, which, when denied and appealed, brings up for review only the order denying the motion."); *see also*

3

*Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 309 n.2 (2d Cir. 2015) (noting that Rule 4 of the Federal Rules of Appellate Procedure was amended in 2009 to extend the Rule 60 tolling window from 10 to 28 days).

### B. Merits of the 2022 Order

Nothing in this record suggests the district court abused its discretion in denying Appellants' motion for reconsideration and affirming an award of $113,225.88 in attorneys' fees and $10,869.34 in costs pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. L. §§198(1-a), (1-d). The district court acted within its discretion in determining that the fee award should not be reduced to the extent requested by G.H. Food and Singh because of the limited damages Caltenco ultimately obtained. Our precedent is clear that "[f]ee awards in wage and hour cases should encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (internal quotation marks omitted). In order to "advanc[e] Congress's goals under the FLSA to ensure a 'fair day's pay for a fair day's work,' the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation." *Id.* (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942)). Indeed, in FLSA cases, "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Id.* at 602 (internal quotation marks and citation omitted); *see also Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 110 (2d Cir. 2022).

As the district court made clear, there are procedural tools available to defendants like G.H. Food and Singh to reduce their financial exposure to potential attorneys' fees in run-of-the-mill FLSA cases. Reducing an award of attorneys' fees in a case such as this one, where Appellants

failed to take advantage of those procedural tools, would disincentivize settlements and undercut the policy goals of the FLSA.

*　　*　　*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the 2022 Judgment of the district court denying Appellants' motion for reconsideration. We **REMAND** this case for prompt consideration of what, if any, additional attorneys' fees Caltenco should be awarded for litigating this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court